UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | |
|---|---|
| ERIC INGRAM BEY, President, ) <br> Moorish National Republic of Peace, ) <br> ) <br> Plaintiff ) <br> ) <br> vs. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Defendant ) | Case No.  3:22-cv-01112-LCB |

## MEMORANDUM OPINION

Eric Ingram Bey, proceeding *pro se*, filed a Complaint against the United States of America.  (Doc. 1).  Invoking the American Declaration on the Rights of Indigenous Peoples and the Peace and Friendship Treaty Between Empire of Morocco and United States, Bey seeks to hold the United States liable for alleged acts of genocide and forced assimilation against Moorish people.

Bey also filed an Application for Leave Without Prepaying Fees and Costs. (Doc. 2).  The court **GRANTS** Plaintiff's Application.  However, for the reasons set out herein, the court **DISMISSES** this action **WITH PREJUDICE** for failing to state a claim on which relief can be granted.

Title 28 U.S.C. § 1915 provides, in relevant part:

> (e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—

* * * * *
    (B) the action or appeal--
        (i) is frivolous or malicious; [or]
        (ii) fails to state a claim on which relief may be granted; .
. . .

In conducting its review of Plaintiff's complaint, the court is mindful that complaints by *pro se* litigants are held to a less stringent standard than pleadings drafted by attorneys and subject to liberal construction. *Boxer X v. Harris*, 437 F. 3d 1107, 1110 (11th Cir. 2006). However, the court "may not serve as de facto counsel for a party . . . or rewrite an otherwise deficient pleading in order to sustain an action." *Ausar-El ex rel. Small, Jr. v. BAC (Bank of America) Home Loans Servicing LP*, 448 F. App'x 1, 2 (11th Cir. 2011) (internal quotations and citations omitted).

Declarations such as the American Declaration on the Rights of Indigenous Peoples do not provide a private right of action in the federal courts. *See Van Hope-el v. United States Dep't of State*, No. 1:18-CV-0441-JLT, 2019 WL 295774, at *3 n.2 (E.D. Cal. Jan. 23, 2019), *aff'd sub nom. Hope-El v. U.S. Dep't of State*, No. 19-15311, 2019 WL 3941181 (9th Cir. June 26, 2019) (citing *Sosa v. Alvarez-Machain*, 542 U.S. 692, 734 (2004); *United States v. Chatman*, 351 F. App'x 740, 741 (3d Cir. 2009); *Bey v. Malec*, No. 18-cv-02626-SI;18-cv-02628-SI, 2018 WL 4585472, at *2

(N.D. Cal. Sept. 25, 2018); *Townsend v. New Jersey Transit & Amalgamated Transit Union*, No. 09-1832 (GEB), 2010 WL 3883304, at *5 (D.N.J. Sept. 27, 2010)).

The Treaty with Morocco also does not provide Bey with a basis for relief. That treaty

> "is one of the Barbary Treaties (executed, during 1795-1836 between the United States and semi-autonomous North African city-states of Algiers, Tunis, and Tripoli, and the Sultanate of Morocco). Over the centuries past, these treaties went through numerous superceding reconfirmations and full or partial terminations." *El Ameen Bey v. Stumpf,* 825 F. Supp. 2d 537, 558 (D.N.J. 2011). The Treaty was "executed in response to the ill of piracy rampant during 15th to 18th centuries in the coastal waters and ports of the [*sic*] North Africa and the high 'protection fees' charged by North African rulers for maintaining peace in their coastal waters and ports." *Murakush Caliphate of Amexem Inc. v. New Jersey*, 790 F. Supp.2d 241, 260 n.16 (D.N.J. 2011) (holding that reliance on the Treaty with Morocco for the purposes of a civil suit raising claims based on the events that occurred within United States' geographical territory is facially frivolous). "[A] litigant's reliance on any Barbary Treaty, including on the Treaty with Morocco, for the purposes of a civil suit raising claims based on the events that occurred within what is the United States' geographical territory is facially frivolous, and that includes any claims related to real estate property located within the United States, collection of mortgage payments, foreclosure or eviction proceedings, etc." *El Ameen Bey*, 825 F. Supp. 2d at 558 (citation omitted); *see also Ali v. Scotia Grp. Mgmt. LLC*, No. CV-18-00124-TUC-JGZ, 2018 WL 3729742, at *4 (D. Ariz. Aug. 6, 2018) (no "federal question" jurisdiction for claim brought by "Moorish American" under Treaty with Morocco); *Wiley v. South Carolina*, No. 6:18-CV-0694-BHH-KFM, 2018 WL 1998994, at *2 (D.S.C. Mar. 26, 2018) (same), *report and recommendation adopted*, No. 6:18-CV-00694-AMQ, 2018 WL 1994250 (D.S.C. Apr. 27, 2018); *El-Bey v. Mount Pleasant*, No. 2:16-CV-3864-RMG-MGB, 2016 WL 8674642, at *6 (D.S.C. Dec. 16, 2016) (same), *report and recommendation adopted*, No. 2:16-CV-3864-RMG, 2017 WL 66324

(D.S.C. Jan. 6, 2017).

*Knight v. Chatelain*, No. 8:19CV206, 2019 WL 2464789, at *5 (D. Neb. June 13, 2019), *aff'd,* 798 F. App'x 971 (8th Cir. 2020).

Because Plaintiff has asserted no viable basis for relief, the court will **DISMISS** this action **WITH PREJUDICE**. *See* 28 U.S.C. § 1915(e)(2)(B). The court will enter a separate Final Judgment.

**DONE** and **ORDERED** September 6, 2022.

_____
**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE